IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 SEP 26 P 3: 31
CLERK _____
SO. DIST. OF GA.

SPENCER S. PAYNE,

    Petitioner,

v.

JOSE VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV206-050

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Spencer Payne ("Payne"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Payne filed a Traverse. For the reasons which follow, Payne's petition should be **DENIED**.

## STATEMENT OF THE CASE

Payne was sentenced in the Eastern District of Virginia to 240 months' imprisonment for conspiracy to possess and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In his petition, Payne asserts that the Bureau of Prisons ("BOP") has incorrectly calculated his good conduct time credit. Specifically, Payne contends that the BOP's interpretation of the "good conduct time statute", 18 U.S.C. § 3624(b)(1), has deprived him of good conduct time that he is entitled to receive. Payne contends that the plain language of § 3624(b)(1) requires that he receive 54 days of good conduct time credit for every year of imprisonment to which he was sentenced. Payne alleges that he is

AO 72A
(Rev. 8/82)

entitled to received 1,080 days of good conduct time credit rather than the 940 days the BOP has calculated. Payne asserts that his challenge to the BOP's calculation of his good conduct time credit is distinguishable from the facts presented in Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005). Payne asserts that the Supreme Court has rendered decisions since the Eleventh Circuit Court of Appeals decided Brown, which clarify the canons of statutory construction, including the rule of lenity. Payne also asserts that the facts of his case preclude the BOP from receiving full deference based on Ex Post Facto Clause considerations.

Respondent contends that the cases Payne cites in support of his assertion that the Eleventh Circuit did not have the benefit of in deciding Brown actually had been decided by the Supreme Court prior to the Brown decision. Respondent also contends that Payne had fair warning of what he faced pursuant to section 3624(b)(1) at the time he committed his crimes, and thus, there is no violation of the Ex Post Facto Clause.

## DISCUSSION AND CITATION TO AUTHORITY

I.   **The Rule of Lenity is Not Applicable.**

Payne avers that Leocal v. Ashcroft, 543 U.S. 1, 125 S. Ct. 377, 160 L. Ed. 2d 271 (2004), and Clark v. Martinez, 543 U.S. 371, 125 S. Ct. 716, 160 L. Ed. 2d 734 (2005), represent intervening Supreme Court decisions which "undermine the reasoning" of the Eleventh Circuit in Brown. (Mem., pp. 1-2.) Payne contends that these Supreme Court decisions clarify the canons of statutory instruction, including the rule of lenity. Payne also contends that the rule of lenity should be applied in interpreting § 3624(b)(1), rather than deferring to the BOP's interpretation of this statute, because this statute is ambiguous.

2

AO 72A
(Rev. 8/82)

The BOP has interpreted § 3624(b)(1) to mean that "54 days of [good conduct time] may be earned for each full year [actually] served on a sentence [.]" Program Statement No. 5880.28.

This statute, in pertinent part, states:

> [A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term[.]

18 U.S.C. § 3624(b)(1). In a case of first impression in this Circuit, the Eleventh Circuit Court of Appeals held that the plain text of § 3624(b)(1) is ambiguous, but the BOP's interpretation of this statute is reasonable and "due to be affirmed[.]" Brown, 416 F.3d at 1273. The Eleventh Circuit also held that the rule of lenity is not applicable because of the BOP's reasonable interpretation of § 3624(b)(1). Id. Thus, Brown's petition, in which he sought credit for additional days of good conduct time, was appropriately denied.

Payne's contention that Leocal and Clark represent intervening decisions which render the Eleventh Circuit's opinion in Brown inapplicable to his claims is without merit. Leocal was decided on November 9, 2004, and Clark was decided on January 12, 2005; Brown was decided on July 12, 2005. Thus, it cannot be said that Leocal and Clark represent intervening changes in the law. In addition, the Brown court considered whether the rule of lenity should be applicable to the BOP's interpretation of § 3624(b)(1) and concluded that this rule of statutory construction should not be applied because the BOP's interpretation of this statute is reasonable. Payne's assertion that the Eleventh Circuit did not consider Leocal and Clark in reaching its decision in Brown is unavailing. Moreover,

3

Payne's assertions do not differ from those set forth by the petitioner in Brown. Payne is not entitled to his requested relief based on this assertion.

## II. The Ex Post Facto Clause has not Been Violated.

Payne asserts that the deference provided under Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)[1], to the BOP's interpretation of section 3624(b)(1) violates the Ex Post Facto Clause. Payne alleges that the BOP issued Program Statement 5880.28, which states that an inmate's good conduct time is based on time the inmate actually serves rather than the time to which he was sentenced, after he committed the offenses for which he was convicted. Payne contends that his sentence is governed by the general counsel memoranda in effect at the time he committed his crimes.

The "heart of the Ex Post Facto Clause, U.S. Const., Art. I, § 9, bars application of a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Johnson v. United States, 529 U.S. 694, 699, 120 S. Ct. 1795, 1800, 146 L. Ed. 2d 727 (2000). To prevail on an Ex Post Facto Clause violation claim, a petitioner must "show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises

---

[1] Under Chevron, an agency's interpretation of a statute is entitled to deference if the interpretation is reasonable. Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005). "A precondition to deference under Chevron is a congressional delegation of administrative authority. The BOP's construction of [§ 3624(b)(1)], which appears in Program Statement 5880.28 and 28 C.F.R. § 523.20, falls within the implied statutory authority of the BOP." Id. at n.5 (internal citations omitted) (also noting that the BOP's discretion to resolve ambiguities in the language of § 3624(b)(1) is implicit in its statutory authority to determine and award good time and to release prisoners when their sentences, as adjusted by the BOP for good time credit, have expired).

4

the penalty from whatever the law provided when he acted." Id. In other words, the retroactive application of a law "must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." Gaskins v. Crosby, 371 F.3d 820, 822 (11th Cir. 2004) (quoting Weaver v. Graham, 450 U.S. 24, 29, 101 S. Ct. 960, 964, 67 L. Ed. 2d 17 (1981)).

Payne does not challenge section 3624(b)(1), the law applicable to calculating an inmate's good conduct time; rather, Payne challenges the deference afforded to the BOP's interpretation of this statute through Program Statement 5880.28. Payne committed his criminal offenses on December 6, 1991 (Resp't's Ex. 1, p. 3), and the BOP issued Program Statement 5880.28 in February 1992. However, prior to this issuance, staff computing an inmate's good conduct time credit under § 3624(b)(1) were provided guidance by the Office of General Counsel on November 7, 1988. (Resp't's Ex. 2, ¶¶ 2-4.) According to John Gaither, the Regional Inmate Systems Administrator at the BOP's Southeast Regional Office, an inmate's good conduct time has been calculated based on the time the inmate actually served from November 7, 1988, until the present. (Resp't's Ex. 2, ¶ 4.) Even if Program Statement 5880.28 operated retroactively, Payne has not shown that this Program Statement raised any penalty he faced at the time he committed his criminal acts. Section 3624(b)(1) became law in 1987, and, as stated above, Payne committed his offenses on December 6, 1991. Payne was put on notice of what he faced under section 3624(b)(1) at the time he committed his offenses. Program Statement 5880.28 does not violate the Ex Post Facto Clause of the United States Constitution.

5

## CONCLUSION

Based on the foregoing, Payne's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)